PROB 12C
(6/16)

Report Date: July 6, 2023

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 07, 2023

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Chad Jeremy Monaghan | Case Number: 0980 2:18CR00097-TOR-1 |
| Address of Offender: ▮▮▮▮▮▮▮▮▮▮▮▮ Wellpinit, Washington 99040 | |
| Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge | |
| Date of Original Sentence: October 16, 2019 | |
| Original Offense:   Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | |
| Original Sentence:   Prison - 24 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney:   Daniel Hugo Fruchter | Date Supervision Commenced: July 30, 2021 |
| Defense Attorney:   Colin G. Prince | Date Supervision Expires: July 29, 2024 |

## PETITIONING THE COURT

To issue a warrant.

On August 3, 2021, Mr. Monaghan signed his judgment acknowledging his understanding of his conditions of supervised release.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.<br><br>**Supporting Evidence**: It is alleged Mr. Monaghan is in violation of his conditions of supervised release by consuming cocaine and methamphetamine on or around July 3, 2023.<br><br>On July 3, 2023, Mr. Monaghan reported to the probation office and submitted to urinalysis testing, which yielded a presumptive positive result for methamphetamine and cocaine. Mr. Monaghan admitted to the use of methamphetamine on or around July 1, 2023, but denied the use of cocaine, which was further evidenced by a verbal and written statement. The urine sample was sent to the contract lab for further testing, however, results are still pending. |
| 2 | **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the |

Prob12C
Re: Monaghan, Chad Jeremy
July 6, 2023
Page 2

people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: It is alleged Mr. Monaghan is in violation of his conditions of supervised release by failing to reside at his reported address since approximately May 29, 2023.

On June 30, 2023, the undersigned learned through Mr. Monaghan's fiancé that Mr. Monaghan had not been staying at the residence since approximately May 29, 2023. She further stated she did not know where he had been staying nor had she heard from Mr. Monaghan since Memorial Day Weekend.

On June 30, 2023, the undersigned officer was able to reach Mr. Monaghan by cell phone. He initially denied the report was true, but when this was discussed further on July 3, 2023, it appeared Mr. Monaghan did not deny the allegations that he had been living elsewhere.

3          **Special Condition #5:** You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence:** It is alleged Mr. Monaghan is in violation of his conditions of supervised release by consuming alcohol on or around July 1, 2023.

On July 3, 2023, Mr. Monaghan reported to the probation office to submit to urinalysis testing. He admitted to the use of alcohol on July 1, 2023, further evidenced by a verbal and written statement.

4          **Standard Condition #7:** You must work full time ( at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence:** It is alleged Mr. Monaghan is in violation of his conditions of supervised release by failing to notify the undersigned officer that he was no longer employed at Traffic Corp, since April 28, 2023.

On June 28, 2023, the undersigned officer called Mr. Monaghan's employer, Traffic Corp, to inquire if Mr. Monaghan was still employed. Staff advised he was no longer working for them and his last day of employment was on April 28, 2023. The employer stated Mr. Monaghan quit showing up for work or made excuses as to why he could not work, so his employment was terminated. Mr. Monaghan never informed the undersigned officer about his status in employment within 72 hours as required by his conditions of supervision.

Prob12C
**Re: Monaghan, Chad Jeremy**
July 6, 2023
Page 3

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   July 6, 2023

s/Corey M. McCain

Corey M. McCain
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   Other   Warrant issued in companion case
             2:18-CR-0098-TOR

Thomas O. Rice
United States District Judge

July 7, 2023

Date

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON
### PROBATION OFFICE

**MATTHEW L. THOMPSON**
CHIEF PROBATION OFFICER
U.S. COURTHOUSE
920 W Riverside, Room 540
PO BOX 306
SPOKANE, WA  99210-0306
(509) 742-6300 / fax (509) 742-6339

July 6, 2023

**BRANCH OFFICES**

FEDERAL BUILDING
25 S. 3rd Street, Room 326
PO BOX 1791
YAKIMA, WA  98907-1791
(509) 574-5535 / fax (509) 574-5539

FEDERAL BUILDING
825 Jadwin Ave, Suite 170
RICHLAND, WA  99352-0446
(509) 943-8130 / fax (509) 943-8139

REPLY TO    Spokane

The Honorable Thomas O. Rice,
U.S. District Judge
Thomas S. Foley U.S. Courthouse
P.O. Box 1493
Spokane, Washington 99201



**RE: Monaghan, Chad Jeremy**
**Custody Status: Continues Under Supervision**
**Dkt. No. 0980 2:18CR00097-TOR-1**
**Violation Report #1**

Dear Judge Rice:

Attached for the Court's review is a petition for action on the above-captioned offender. The circumstances of the alleged noncompliant behavior are reported therein.

**Compliance with Supervision Conditions:**

On October 16, 2019, Mr. Monaghan was sentenced by Your Honor, to a prison term of 24 months, followed by a 36-month term of supervised release, after pleading guilty to felon in possession of a firearm. This case was to run concurrent to case number 2:18CR0098-TOR-1, embezzlement and theft from tribal organizations. Mr. Monaghan commenced supervised release on July 30, 2021.

On September 6, 2022, a no action report was filed with the Court alleging Mr. Monaghan used cocaine in August 2022. Mr. Monaghan initially denied his use of illicit drugs, but later stated he used cocaine after losing his sister in a car accident.He was directed to obtained a drug and alcohol assessment and his frequency of urinalysis testing was increased.

On September 15, 2022, he completed a drug and alcohol assessment at Pioneer Human Services. The provider was unable to find him in need of treatment services, but he was strongly encouraged by the provider to seek mental health services, and he never took the advice of the provider.

**Re: Monaghan, Chad Jeremy**
July 6, 2023
Page 2

In March 2023, Mr. Monoghan moved to Wellpinit, Washington, with his fiancé. Mr. Monaghan is a registered sex offender and the undersigned officer confirmed he registered his address in Stevens County, Washington, around March 16, 2023. The undersigned officer verified his address in person on March 29, 2023.

On April 17, 2023, Mr. Monaghan advised he obtained employment at Traffic Corp working as a flagger. On March 16, 2023, Mr. Monaghan was asked about his job and he said it was going well and he was working 10-hour days. The undersigned officer requested a pay stub; however, he failed to provide one.

On June 28, 2023, his employer told the undersigned officer that Mr. Monaghan was no longer employed with them and his last day he worked was on April 28, 2023. The employer stated that Mr. Monaghan failed to show up for work and/or provided excuses as to why he was not showing up for work. When confronted, Mr. Monaghan became agitated and called his employer a liar and stated that he continued to work for them. He then said that he was on medical leave, but had no paperwork to verify. He also stated he was paid 2 weeks ago. He was asked to provide verification (pay stub) and he said, "I can try," but again never provided one to this officer.

On June 30, 2023, this officer had plans to attempt to visit Mr. Monaghan at his residence; however, his fiancé called the undersigned officer stating that Mr. Monoghan has not been residing at the residence since Memorial Day Weekend. When confronted on this allegation, he admitted to sleeping in his brother's vehicle in Wenatchee, Washington, because his father was ill, but he was returning to his residence every 2 days; however, his fiancé continued to report that he has not been around for several weeks.

Mr. Monaghan was directed to report on June 30, 2023; however, he said he needed to return to Wenatchee, to attend to his ill father. He was directed to report to the probation office on July 3, 2023, no later than 2 p.m.

On July 3, 2023, he reported at 4:15 p.m. and tested positive for methamphetamine, cocaine, and alcohol.

Mr. Monaghan's behavior is of concern to the undersigned officer. His behavior appears to be deceptive and misleading and he has not been truthful to the undersigned officer. What is worrisome is the fact that Mr. Monaghan is a registered sex offender and is alleged to have not been staying at his residence as required, is consuming illicit drugs, and drinking alcohol. Therefore, it is respectfully recommended that a warrant be issued for his arrest, as his whereabouts continue to be unknown.

Re: Monaghan, Chad Jeremy
July 6, 2023
Page 3

**Offender Characteristics:**

Mr. Monaghan is not employed and appears not to be making efforts to secure employment.

His residence continues to be unknown. Since reporting to the office on Monday, July 3, 2023, and being confronted, he has continued to not stay at his residence.

Per Opera, Mr. Monaghan owes $ 105,050 in restitution and has not made any good faith payments since January 7, 2022.

**Statutory and Guideline Provisions:**

Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than 1 year in any other case.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

As a cost-containment measure, in March 2004, the Judicial Conference endorsed a non-binding policy that substantially restrains enhanced sentencing authority. This policy was incorporated in our agency's Monograph 109, *The Supervision of Federal Offenders:*

*Although it is statutorily permissible to impose a new term of supervised release in most post-April 30, 2003, cases, officers should ordinarily recommend a new supervised release sentence only when the prison time imposed for the current violation, plus any prison time imposed for a prior revocation(s) of this term of supervised release, is less than the maximum prison term set forth at 18 § 3583(e)(3).*

If revoked, the following options are available for sentencing:

**Original Criminal History Category:**   III
**Grade of Violation:**   C
**Class of Offense:**   Class C Felony

Re: Monaghan, Chad Jeremy
July 6, 2023
Page 4

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **CUSTODY:** | Not more than 2 years | 5-11 months |
| **SUPERVISED RELEASE:** | 36 months minus custody imposed | 36 months minus custody imposed |

It is respectfully recommended that the Court issue a warrant requiring Chad Monaghan to appear to answer to the allegation(s) in the attached petition.

Respectfully submitted,

Matthew L. Thompson
Chief U.S. Probation Officer

By: s/Corey M. McCain          07/06/2023
     Corey M. McCain                Date
     U.S. Probation Officer

APPROVED BY:

s/Jose Vargas          07/06/2023
Jose Vargas                Date
Deputy Chief U.S. Probation Officer

CMM:sa